**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 07-10221-04-MLB |
| ) | |
| JAMES BLACK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss on the basis that he has been denied his right to a speedy trial. (Doc. 774). The motion is fully briefed and ripe for decision. (Doc. 778). The motion is denied for the reasons herein.

**Analysis**[1]

Defendant's motion addresses two types of speedy trial violations. First, defendant asserts that his Sixth Amendment right to a speedy trial has been violated because this case was originally indicted four years ago and has yet to go to trial. Second, defendant contends, in a short paragraph, that the Speedy Trial Act has been violated. The court will address each argument in turn.

**Violation of Defendant's Sixth Amendment Rights**

---

[1] A discussion of the history of events which occurred during the years 2007, 2008 and 2009, can be found in this court's memorandum and order dated December 21, 2009. See Doc. 644. The second superceding indictment against defendant was dismissed in November 2009. Defendant was not indicted again until June of this year.

In addition, the government's response (Doc. 778) accurately summarizes the history of this case. When defendant's positions are considered in the context of all the facts, they lose much of their force and effect.

Defendant contends that the entire length of delay from the filing of the initial indictment until now has become "presumptively prejudicial." "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." United States v. Larson, 627 F.3d 1198, 1208 (10th Cir. 2010). A delay of at least one year is presumptively prejudicial. Id. Because the delay in this case is approaching four years and defendant has spent at least one of those years in custody, defendant has shown a presumptively prejudicial delay.

The court then considers the following four factors: 1) the length of the delay; 2) the reason for the delay; 3) defendant's assertion of his speedy trial right; and 4) if the delay prejudiced defendant. Id. at 1208-09. As to the first factor, the court must look at the total length of the delay. In this case, the total delay is approaching four years. Out of those four years, one year of the delay during 2008-2009 was the result of a successful appeal taken by the government to the Tenth Circuit from a ruling involving a co-defendant, Michael Biglow. See Doc. 212. Defendant argues, unpersuasively and without authority, the government could have continued its case against him. Perhaps, but he has not offered any analysis of the appropriateness of such a severance in this, a conspiracy case. After the appeal was decided, the government filed a superceding indictment but then dismissed that indictment after a ruling by this court on the admissibility of the co-conspirator statements. The time between that dismissal and the fourth superceding indictment was approximately eighteen months. The

allegations in the indictment, however, are complex and involve multiple defendants.  See United States v. Seltzer, 595 F.3d 1170, 1176 (10th Cir. 2010)(the court must consider the complexity of the case while weighing the first factor).  Nevertheless, a four year delay is more than four times the average delay and therefore, the first factor weighs in favor of finding a violation of defendant's Sixth Amendment rights.  Id. at 1177.

The second factor requires the government "to provide an acceptable rationale for the delay."  Seltzer, 595 F.3d at 1177.  Delays attributable to defendant cannot weigh against the government but a "deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government."  Larson, 627 F.3d at 1208.  During the time periods in which an indictment was active against defendant, the delays were largely attributable to defendant and his co-defendants.  Defendant filed several motions, including motions for continuances.  In addition, defendant pled guilty and then withdrew his plea.  While it may be that the delays during the periods of dismissal are the result of the government's actions, the court does not find that the government's actions were taken as deliberate attempts to delay the trial and defendant does not contend otherwise.  As to the first delay, the government took an appeal and was ultimately successful.  Therefore, this delay should not be weighed against the government.  As to the second long delay of eighteen months, the government asserts that it was prepared to file an indictment against defendant and other co-defendants shortly after the second dismissal but did not do so after learning of an illness in one of the co-defendant's family members.  That family

-3-

member ultimately died this past spring and the government filed the fourth superceding indictment after a sufficient mourning period passed. Defendant does not dispute these contentions by the government. Because both the government and defendant contributed to delay, the court finds that this second factor does not weigh in favor of either party.

The third factor, defendant's assertion of his speedy trial right, is given strong evidentiary weight. Seltzer, 595 F.3d at 1179. The sooner a defendant "raises the speedy trial issue, the more weight this factor lends to his claim." Id. (citing Jackson v. Ray, 390 F.3d 1254, 1263 (10th Cir. 2004)). Defendant has not asserted his speedy trial rights until now. At one point, defendant objected to the dismissal of the indictment by the government but did not object on speedy trial grounds. Defendant nevertheless argues, without citation to authority, that this was ". . . in effect a specific invocation of his right to a speedy trial." The court rejects the argument that assertion of a right as well established as speedy trial somehow can be implied from motions raising other grounds. Thus, this factor weighs heavily against defendant as this motion is the first instance in which defendant has asserted his right to a speedy trial.

In determining the fourth factor, whether the delay prejudiced defendant, the burden of proof is on defendant. Seltzer, 595 F.3d at 1179; United States v. Toombs, 574 F.3d 1262, 1275 (10th Cir. 2009). With regard to whether a defendant has made a particularized showing of prejudice, the Tenth Circuit has identified three main interests: "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii)

-4-

minimization of the possibility that the defense will be impaired." Seltzer, 595 F.3d at 1179; see also Toombs, 574 F.3d at 1275. The most important interest is impairment of the defense. Id. at 1179-80.

While defendant has been incarcerated more than one year in pretrial custody, he is not currently in custody but rather is on bond. With respect to the second interest, defendant asserts that he has significant anxiety because of the pressure he is facing from other citizens in his community and the need to move on with his life. This argument would be more persuasive to the court if defendant had sought his right to a speedy trial at some point earlier in time. As to impairment of his defense, however, the most important interest, defendant has only identified an alleged difficulty for defense counsel to confer with Tyrone Andrews, a co-defendant who previously plead guilty, because he is incarcerated. While it may make communication more difficult, an incarcerated witness does not equate to an unavailable witness. A defense is hindered when a defendant can no longer use a certain witness. Toombs, 574 F.3d at 1275. Defendant has only established a "mere possibility" of prejudice which is insufficient for establishing a Sixth Amendment violation. Jackson, 390 F.3d at 1264. Defendant alludes to other unidentified "potential defense witnesses" but he does not explain how Andrews or any other witness will provide favorable, relevant evidence, much less that he cannot produce such evidence because of the delay.

Even assuming the first two interests were to weigh in defendant's favor, the prejudice factor would not weigh in defendant's favor because he has not established that the delay prejudiced his defense. See Toombs, 574 F.3d at 1276 ("Since the hindrance to the

minimization of the possibility that the defense will be impaired." Seltzer, 595 F.3d at 1179; see also Toombs, 574 F.3d at 1275. The most important interest is impairment of the defense. Id. at 1179-80.

While defendant has been incarcerated more than one year in pretrial custody, he is not currently in custody but rather is on bond. With respect to the second interest, defendant asserts that he has significant anxiety because of the pressure he is facing from other citizens in his community and the need to move on with his life. This argument would be more persuasive to the court if defendant had sought his right to a speedy trial at some point earlier in time. As to impairment of his defense, however, the most important interest, defendant has only identified an alleged difficulty for defense counsel to confer with Tyrone Andrews, a co-defendant who previously plead guilty, because he is incarcerated. While it may make communication more difficult, an incarcerated witness does not equate to an unavailable witness. A defense is hindered when a defendant can no longer use a certain witness. Toombs, 574 F.3d at 1275. Defendant has only established a "mere possibility" of prejudice which is insufficient for establishing a Sixth Amendment violation. Jackson, 390 F.3d at 1264. Defendant alludes to other unidentified "potential defense witnesses" but he does not explain how Andrews or any other witness will provide favorable, relevant evidence, much less that he cannot produce such evidence because of the delay.

Even assuming the first two interests were to weigh in defendant's favor, the prejudice factor would not weigh in defendant's favor because he has not established that the delay prejudiced his defense. See Toombs, 574 F.3d at 1276 ("Since the hindrance to the

defense is the most important interest, and the defense was not significantly hindered here, the prejudice factor does not weigh in favor of Toombs.")

Although the delay was presumptively prejudicial, the second factor does not weigh in defendant's favor, the third factor weighs heavily against defendant, and the fourth does not weigh in his favor. In balancing the factors, the court finds that defendant has not made out a Sixth Amendment speedy trial violation. See, e.g., Toombs, 574 F.3d at 1276.

**Speedy Trial Act**

Finally, defendant contends that the Speedy Trial Act has been violated in this case. "The Speedy Trial Act [in 18 U.S.C. § 3161] requires that the trial of a criminal defendant commence within seventy days of the filing of the indictment, or from the date that the defendant first appears before a judicial officer, whichever is later." United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir. 1995); see also United States v. Lugo, 170 F.3d 996, 1001 (10th Cir. 1999). In asserting a violation of the Act, defendant's brief surmises that more than 70 days have elapsed from the time of the original indictment. Defendant, however, has failed to adequately document the sequence of events in this case, as noted by the government in her response. Notably, defendant failed to discuss that he entered a plea of guilty in this case and then moved to withdraw that plea after the government dismissed the indictment in June 2008. More importantly, defendant failed to discuss how the multiple motions filed by his counsel have affected the speedy trial calculation.

After determining the government's calculation to be correct, the

court adopts the government's discussion of the Act and finds that there has been no violation in this case.

## Conclusion

Defendant's motion to dismiss is denied. (Doc. 774).

IT IS SO ORDERED.

Dated this ___3rd___ day of November 2011, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE