**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

```
UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )    CRIMINAL ACTION
                                 )
v.                               )    No.  07-10221-MLB
                                 )
MICHAEL BIGLOW, et al.,          )
                                 )
                Defendants.      )
─────────────────────────────────)
```

**MEMORANDUM AND ORDER**

**I.    Introduction**

This case comes before the court on numerous motions filed by defendants.[1] Four defendants have been charged in a Fifth Superceding Indictment filed on September 14, 2011.  The indictment contains a total of 35 counts and forfeiture allegations.  The indictment alleges a conspiracy to distribute cocaine which occurred from an unknown date until September 27, 2007.  Defendants[2] have also been charged with using a telephone to distribute cocaine, distribution of cocaine and other charges.  The motions are fully briefed and ripe for decision.

**A. Motion to Exclude Guilty Pleas of Non-testifying Defendants (Docs. 794, 815)**

Reed and Biglow move to preclude the admission of non-testifying co-defendants' guilty pleas.  The government responds that it does not intend to introduce this evidence.  (Doc. 818).  In the event that a co-defendant testifies who has entered a guilty plea, the government

---

[1] Defendant Gregory Reynolds has not filed pretrial motions at this time.

[2] Throughout this order, the court may refer to defendants in plural even though some matters may not concern all defendants.

correctly responds that it will seek to introduce that plea if either the defense makes the plea relevant or the defense opens the door to an inquiry by the government. If that occurs, the court will appropriately instruct the jury. Counsel may submit a proposed instruction.

### B. Motion to Exclude **Bruton** Evidence (Doc. 796)

Reed moves to exclude evidence of statements made by non-testifying co-defendants on the basis that it violates his Sixth Amendment rights. The government asserts that the motion is premature as defendant cannot identify which statements would infringe on his rights. The court agrees. Defendants may raise this issue after identifying the statements the government intends to introduce at trial.

### C. Motion to Bifurcate Forfeiture (Docs. 804, 806)

Biglow and Reed move to bifurcate the trial into two phases, a guilt phase and a forfeiture phase. The government does not object. The motions are granted. (Docs. 804, 806).

### D. Motion for Bill of Particulars (Doc. 807)

Biglow argues that the indictment is not sufficient to put him on notice of the nature and manner of the commission of the alleged conspiracy. Biglow seeks the identity of known but unidentified co-conspirators, the location of the conspiracy, the manner in which it was designed, the persons present when it was formed, the terms of the agreement, the particulars and locations as to all meetings, and the date when defendants joined such conspiracy. (Doc. 807 at 1-2).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to

prepare his defense . . . ." <u>United States v. Kunzman</u>, 54 F.3d 1522, 1526 (10th Cir. 1995)(quoting <u>United States v. Levine</u>, 983 F.2d 165, 166-67 (10th Cir. 1992)). "A bill of particulars, however, is not a discovery device but may serve to amplif[y] the indictment by providing additional information." <u>United States v. Dunn</u>, 841 F.2d 1026, 1029 (10th Cir. 1988)(internal citations omitted). The Tenth Circuit has held that an indictment is sufficient if it apprises defendants of their crimes and defendants have been provided full discovery. <u>Kunzman</u>, 54 F.3d at 1526. Biglow's request must show that the failure to provide the information would result in prejudicial surprise. <u>United States v. Anderson</u>, 31 F. Supp.2d 933, 938 (D. Kan. 1998)(citing <u>United States v. Wright</u>, 826 F.2d 938, 943 (10th Cir. 1987)).

Biglow asserts that the allegations of multiple conspiracies in the indictment coupled with the allegations of known but unindicted co-conspirators causes duplicity concerns. Biglow contends that he should be provided with the identity of unindicted co-conspirators. The court agrees. <u>Anderson</u>, 31 F. Supp.2d at 938 ("defendants are entitled to know the identity of any unindicted coconspirators.") This information, if not disclosed, may subject defendants to prejudicial surprise or double jeopardy problems. The government will disclose the names by letter on or before December 9, 2011.

The remaining information sought by Biglow, however, has not been shown to be necessary for defendants to prepare for trial. <u>Anderson</u>, 31 F. Supp.2d at 938. Moreover, and most importantly, Biglow has not shown that he will be prejudiced without this information. The government has provided defendants with extensive discovery, a fact

that defendants have not contested.  Defendants are not entitled to know the entirety of the government's case, which is essentially what Biglow is requesting.

Biglow's motion for a bill of particulars is granted in part and denied in part.  (Doc. 807).

### E.    Motion to Compel (Doc. 808)

Biglow moves for an order compelling the government to produce all statements of co-defendants and co-conspirators that it intends to introduce at trial.  The government contends that it has produced all statements with the exception of one statement that may not have been disclosed.  The government has agreed to immediately provide that statement.  Therefore, Biglow's motion is denied as moot.  (Doc. 808).

### F.    Motion to Dismiss (Doc. 809)[3]

Biglow moves to dismiss the charges against him with prejudice on the basis that his Sixth Amendment right to a speedy trial has been violated because this case was originally indicted four years ago and has yet to go to trial.[4]  In reviewing the factors set forth in United States v. Larson, 627 F.3d 1198, 1208 (10th Cir. 2010), a four year delay is more than four times the average delay and therefore, the

---

[3] A discussion of the history of events which occurred during the years 2007, 2008 and 2009, can be found in this court's memorandum and order dated December 21, 2009.  See Doc. 644.  The second superceding indictment against Biglow was dismissed in November 2009.  Biglow was not indicted again until September of this year.

In addition, the government's response to co-defendant James Black's motion to dismiss (Doc. 778) accurately summarizes the history of this case.

[4] A more detailed discussion of the factors and analysis applicable to the Sixth Amendment can be found in this court's memorandum and order dated November 3, 2011.  (Doc. 800).  The discussion in that order is equally applicable to Biglow.  The court, however, will discuss specific issues raised by Biglow in his motion.

first factor weighs in favor of finding a violation of defendant's Sixth Amendment rights. <u>Id.</u> at 1177.

The second factor requires the government "to provide an acceptable rationale for the delay." <u>United States v. Seltzer</u>, 595 F.3d 1170, 1177 (10th Cir. 2010). Similar to Black, Biglow filed several motions, including motions for continuances. While it may be that the delays during the periods of dismissal are the result of the government's actions, the court does not find that the government's actions were taken as deliberate attempts to delay the trial and Biglow does not contend otherwise. As to the first delay, the government took an appeal after the court granted Biglow's motion to suppress and was ultimately successful. Therefore, this delay should not be weighed against the government. As to the second long delay of eighteen months, the government asserts that it was prepared to file an indictment against defendant and other co-defendants shortly after the second dismissal but did not do so after learning of an illness in Biglow's family. That family member ultimately died this past spring and the government filed the fifth superceding indictment after a sufficient mourning period passed. Biglow does not dispute these contentions by the government. Because both the government and Biglow contributed to delay, the court finds that this second factor does not weigh in favor of either party.

The third factor, Biglow's assertion of his speedy trial right, is given strong evidentiary weight. <u>Seltzer</u>, 595 F.3d at 1179. Biglow has not asserted his speedy trial rights until now. Thus, this factor weighs heavily against Biglow as this motion is the first instance in which defendant has asserted his right to a speedy trial.

In determining the fourth factor, whether the delay prejudiced Biglow, the burden of proof is on defendant. <u>Seltzer</u>, 595 F.3d at 1179; <u>United States v. Toombs</u>, 574 F.3d 1262, 1275 (10th Cir. 2009). With regard to whether a defendant has made a particularized showing of prejudice, the Tenth Circuit has identified three main interests: "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired." <u>Seltzer</u>, 595 F.3d at 1179; <u>see</u> <u>also</u> <u>Toombs</u>, 574 F.3d at 1275. The most important interest is impairment of the defense. <u>Id.</u> at 1179-80.

As to the first factor, Biglow has never been incarcerated. With respect to the second factor, Biglow asserts that he has suffered anxiety concerns. This argument would be more persuasive if Biglow had sought his right to a speedy trial at some point earlier in time. As to impairment of his defense, however, the most important interest, Biglow has only suggested that it is impaired because witnesses will not have a good memory of events that occurred in 2007. Biglow has not identified witnesses who cannot recall certain events and how those witnesses would have provided favorable and relevant evidence if they were able to recall the events clearly. Biglow has only established a "mere possibility" of prejudice which is insufficient for establishing a Sixth Amendment violation. <u>Jackson</u>, 390 F.3d at 1264.

Even assuming the first two interests were to weigh in Biglow's favor, the prejudice factor would not weigh in Biglow's favor because he has not established that the delay prejudiced his defense. <u>See</u> <u>Toombs</u>, 574 F.3d at 1276 ("Since the hindrance to the defense is the

most important interest, and the defense was not significantly hindered here, the prejudice factor does not weigh in favor of Toombs.")

Although the delay was presumptively prejudicial, the second factor does not weigh in Biglow's favor, the third factor weighs heavily against Biglow, and the fourth does not weigh in his favor. In balancing the factors, the court finds that Biglow has not made out a Sixth Amendment speedy trial violation. <u>See</u>, <u>e.g.</u>, <u>Toombs</u>, 574 F.3d at 1276. Biglow's motion is therefore denied. (Doc. 809).

**G. Motion in Limine and Rule 404(b) Objections (Doc. 811)**

Biglow moves for an order precluding the government from introducing evidence the government disclosed to counsel in a letter dated September 28, 2009. The government asserts that it does not intend to introduce the evidence discussed in the letter unless the defense opens the door to the introduction of the evidence. Therefore, the motion is denied, without prejudice, as moot at this time. (Doc. 811).

**H. Motion to Sever (Doc. 813)**

Biglow moves to sever himself from his co-defendants. Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). If, however, a joint trial "appears to prejudice a defendant, . . . the court may order separate trials of counts [or] sever the defendants' trials." Fed. R. Crim. P. 14(a). Joint trials of defendants who are charged together are preferred because "they promote efficiency and serve the interests of justice by avoiding the

scandal and inequity of inconsistent verdicts." <u>United States v. Hall</u>, 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted). Severance is discretionary and should be granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Id.</u> at 1302 (quotation omitted).

The court agrees with the government's response and adopts its discussion. Biglow has failed to establish how a joint trial would result in "actual prejudice to his defense" as required to succeed on a motion to sever. <u>United States v. Hutchinson</u>, 573 F.3d 1011, 1025 (10th Cir. 2009). Biglow's concern of undue prejudice and confusion of the issues because of other transactions and charges concerning co-defendants will be alleviated by the court's instructions which require the jury to consider each defendant and count independently. "[L]imiting instructions are ordinarily sufficient to cure potential prejudice." <u>Id.</u>

Biglow's motion to sever is therefore denied. (Doc. 813).

**I.  Motion to Exclude (Doc. 816)**

Biglow moves for an order excluding all evidence of his past income, personal holdings and financial transactions during the guilt phase of the trial. The government requests that the court take this matter under advisement until the evidence is presented at trial and, presumably, outside the presence of the jury. The court agrees. If Biglow proceeds to trial, he may make any objections to the admission of the evidence outside of the presence of the jury.

**J.  Motions to Join**

Defendants' motions to join in their co-defendants' filings are granted. (Docs. 782, 802, 812).

## II. Conclusion

Defendants' motion to preclude the admission of non-testifying co-defendants' guilty pleas (Docs. 794, 815) is denied as moot. Defendants' motion to bifurcate is granted. (Docs. 804, 806). Biglow's motion for a bill of particulars is granted in part and denied in part. (Doc. 807). Biglow's motion to compel is denied as moot. (Doc. 808). Biglow's motion to dismiss on the basis of a violation of his Sixth Amendment rights is denied. (Doc. 809). Biglow's motion in limine and motion to exclude are denied, without prejudice, as moot at this time. (Docs. 811, 816). Biglow's motion to sever is denied. (Doc. 813). Defendants' motions to join in their co-defendants' filings are granted. (Docs. 782, 802, 812).

IT IS SO ORDERED.

Dated this __5th__ day of December 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE