**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL L. BIGLOW, et al., ) <br> ) <br> Defendants. ) <br>　) | **CRIMINAL ACTION** <br><br> No. 07-10221-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for a supplemented summary of the government's experts' opinions (Doc. 847) and defendants' memorandum in support of a <u>Daubert</u> hearing. (Doc. 845). The government has filed its response. (Doc. 851). Defendants' motion is denied for the reasons set forth herein.

**Analysis**[1]

On September 21, 2009, the government sent a letter to defense counsel identifying twelve individuals the government will call to testify as experts during trial. Out of these twelve individuals, defendants have raised objections to the testimony of three police officers, Clint Snyder, Lance Oldridge, and Ron Goodwyn.[2] Defendants

---

[1] A procedural history and the facts surrounding the criminal charges in this case can be found in this court's most recent memorandum and order filed on February 22, 2012. (Doc. 850).

[2] Defendants also discuss Agent Neal Tierny and Timothy Mitchell in their briefing, but very briefly. Defendants assert that the government failed to discuss the nature of Mitchell's testimony and therefore, they assume he will not testify. Defendants are incorrect. The government's disclosure lists Mitchell as a lab expert and states that he will testify in accordance with the lab reports disclosed. As to Agent Tierny, defendants state that they do not seek a <u>Daubert</u> hearing as to his testimony as long as he testifies in accordance with

assert that the government's Rule 16 disclosure is not sufficient to adequately challenge their opinions in a Daubert motion and seek supplemental reports. (Doc. 847 at 8). The government responds that it has provided defendants with all materials required by Brady and Fed. R. Crim. P. 16.

The government cites United States v. Nacchio, 519 F.3d 1140 (10th Cir. 2008) which notes the following differences between expert discovery in a criminal action and a civil action:

> A Rule 16 disclosure must contain only "a written summary of any testimony" and "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). In contrast, an expert's written report in a civil case must include not only "a complete statement of all opinions the witness will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i), and his qualifications, R. 26(a)(2)(B)(iv), but also all of the data or other information considered in forming the opinion, all summary or supporting exhibits, and the compensation he was paid.

Id. at 1152.

Nacchio's interpretation of Rule 16 does not require the additional disclosure being sought by defendants. The court has reviewed the government's disclosures (Doc. 845, exh. 1) and finds them sufficient under Rule 16. Therefore, defendants' motion to supplement is denied. (Doc. 847).

In their supplemental memorandum in support of an additional hearing (Doc. 845), defendants assert that a Daubert hearing will be

---

his disclosure. The government's response states that Tierny will testify about the guns recovered and in accordance with his report. Therefore, the issues defendants have raised concerning the testimony of Snyder, Oldridge and Goodwyn, have not been extended to Tierny and Mitchell and the court will not require their presence at the Daubert hearing.

beneficial due to potential Crawford challenges and the lack of specific opinions by the experts.  Defendants' briefing on this issue shows that defendants are concerned that the officers' opinions are based on statements made by cooperating witnesses the officers have interviewed over their years of experience.  (Docs. 845 at 8; 847 at 8).

In United States v. Pablo, 625 F.3d 1285 (10th Cir. 2010), the Circuit discussed the admissibility of an expert's opinion which relied on out-of-court testimonial statements as follows:

> Federal Rule of Evidence 703 authorizes an expert to testify to an opinion she formed even if she based that opinion on otherwise inadmissible facts or data, which at times may include out-of-court testimonial statements. See Fed. R. Evid. 703; see also United States v. Johnson, 587 F.3d 625, 635 (4th Cir. 2009), cert. denied, --- U.S. ----, 130 S. Ct. 2128, 176 L. Ed.2d 749 (2010).  Although an expert often will not disclose this otherwise inadmissible information to a jury, Rule 703 permits disclosure to the jury if "the court determines that [its] probative value in assisting the jury to evaluate the expert's opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703.  However, the disclosure of this otherwise inadmissible information is to assist the jury in evaluating the expert's opinion, not to prove the substantive truth of the otherwise inadmissible information.  Therefore, where an expert witness discloses otherwise inadmissible out-of-court testimonial statements on which she based her opinion, the admission of those testimonial statements under Rule 703 typically will not implicate a defendant's confrontation rights because the statements are not admitted for their substantive truth. See Crawford, 541 U.S. at 60 n. 9, 124 S. Ct. 1354.
>
> The extent to which an expert witness may disclose to a jury otherwise inadmissible testimonial hearsay without implicating a defendant's confrontation rights, however, is a question of degree. See Johnson, 587 F.3d at 635 ("[A]n expert's use of testimonial hearsay is a matter of degree.").  If an expert simply parrots another individual's testimonial hearsay, rather than conveying her independent judgment that only incidentally discloses testimonial hearsay to assist the jury in evaluating her opinion, then the expert is, in effect, disclosing the testimonial hearsay for its substantive truth and she

-3-

> becomes little more than a backdoor conduit for otherwise inadmissible testimonial hearsay. See, e.g., id. ("Allowing a witness simply to parrot out-of-court testimonial statements of cooperating witnesses and confidential informants directly to the jury in the guise of expert opinion would provide an end run around Crawford.")

625 F.3d at 1292.

The reasoning in Pablo would therefore allow the officers to testify based on information gained from years of experience as long as the officers are not solely parroting out-of-court testimonial statements from witnesses, i.e. if an expert testified that Black told him that the term ninth street referred to nine thousand dollars. In reaching its decision, the Tenth Circuit relied heavily on a Fourth Circuit decision, United States v. Johnson, 587 F.3d 625 (4th Cir. 2009). In Johnson, the government utilized officer experts to testify about conversations intercepted in a wiretap. The officers testified that several terms were code words for drug transactions. When asked how an officer came to the conclusion that the call discussed a drug transaction, the officer stated: "I'm basing it on the context-as you said, I'm basing it on other events occurring around the time of the intercepted call. I'm basing it on the known nature of the organization. I'm basing it on informant information, on interviews I've done, on evidence that was seized and on the entire-on all the facts that were developed the course of the investigation." Id. at 634.

The Fourth Circuit held that the Johnson case was different from the facts set forth in United States v. Mejia, 545 F.3d 179 (2d Cir. 2008), a case to which defendants cite in their motion, in which an officer testified that his opinion was based on a single interview

-4-

with one gang member. The Fourth Circuit held that the officer experts in Johnson applied their expertise over several years and numerous sources to interpret the calls and their opinion was not based on one single interview. Therefore, the Circuit found no Confrontation Clause violation occurred.

In this case, the government has disclosed that the officer experts will base their opinions on their surveillance of defendants over a period of time, years of experience, training, arrests and interviews. Based on that disclosure, the court concludes that the officers' opinions would not violate the Confrontation Clause and Crawford. Defendants, however, will be given the opportunity to question the officers and make proper objections to their opinions during trial and to make requests for appropriate instructions.

Defendants' request for a Daubert hearing is therefore denied.

IT IS SO ORDERED.

Dated this __14th__ day of March 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE