**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 07-10221-02 |
| ) | |
| TYRONE L. ANDREWS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

By the amended journal entry of judgment filed October 11, 2012 (Doc. 944), the court granted the government's motion to reduce defendant's sentence (Doc. 940). The defendant's original sentence of 240 months was reduced to 156 months. Thereafter, by counsel, defendant filed a motion to reconsider (Doc. 946). The court held a hearing on December 17, 2012 during which defendant argued for an additional sentence reduction. Then, by letter dated December 26, 2012, defendant requested a reduction in the special assessment imposed as part of his original sentence, which remained the same following the court's order reducing defendant's sentence. The court forwarded defendant's letter to his counsel who responded by email dated January 8, 2013 as follows: "Mr. Andrews believes that he was overcharged and thus over plead in regard to the number of phone counts. According to my notes, it is Mr. Andrews' belief that the other defendants in this case plead to a combined total of 20 telephone counts, and therefore he should be held responsible for no more than 20 phone counts and by extension his special assessment should be reduced by a similar amount. (In other words, he believes

his special assessment should be reduced by $4,400 to reflect the 44 phone counts that he believes were improperly charged against him)."

So that the record is both clear and complete, the court notes that defendant pursued both a direct appeal and a § 2255 motion relating to his conviction and sentence. He was unsuccessful in both, as noted in the Tenth Circuit's order denying certificate of appealability, Case No. 12-3001, filed March 27, 2012 (Doc. 868).

The court has reviewed defendant's presentence report as well as the PSR of Jesus Valencia-Abarca, a co-defendant. The court reviewed Abarca's PSR because defendant argued at the hearing that his sentence should be further reduced to a sentence in line of that ultimately imposed in Abarca's case.

Abarca's original guideline sentence was 135-168 months pursuant to his conviction of 21 U.S.C. § 846 plus 24 months consecutive for his violation of 18 U.S.C. § 1028A (Abarca is an illegal alien). On October 11, 2012, this court reduced Abarca's sentence to time served based on the government's motion pursuant to Rule 35 (Doc. 939). In contrast, Andrews' original guideline sentence was 210-262 months based upon convictions of 21 U.S.C. § 843(b), 846 and 841(a)(1).

The court is aware of his obligation to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). The court also is aware that Abarca was one of defendant's cocaine suppliers. Nevertheless, once defendant received the shipments of cocaine, he acted as a major distributor of cocaine in the Wichita area for several years. Without in any way diminishing the seriousness of Abarca's criminal conduct, the court is satisfied that

defendant's conduct was far more serious and that no unwarranted disparity exits between Abarca's and defendant's ultimate sentences.

The court has considered defendant's statements of concern regarding his family and his other expressed reasons for a lighter sentence. They are not persuasive given the extent of defendant's serious criminal conduct.

Insofar as the special assessments are concerned, the court can find no authority which holds one way or another whether special assessments can be reduced pursuant to Rule 35. However, Rule 35 can apply to fines, <u>United States v. McMillan</u>, 106 F.3d 322, 324-25 (10th Cir. 1997) so the court assumes that special assessments likewise can be modified. However, the court finds no basis to reduce the amount of defendant's special assessments upon the ground urged.

Accordingly, defendant's motion for reconsideration (Doc. 946) is denied.

IT IS SO ORDERED.

Dated this <u>  11th  </u> day of January 2013, at Wichita, Kansas.

<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE